UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AARON STEWART,

           Plaintiff,

v.

UNKNOWN STUMP et al.,

           Defendants.
_____/

Case No. 1:25-cv-559

Honorable Maarten Vermaat

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court previously granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.6.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Applying this standard regarding joinder, the Court will drop as misjoined Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch. The Court will dismiss Plaintiff's claims against the misjoined Defendants without prejudice.

Further, as to remaining Defendant Stump, under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will permit Plaintiff's claims against Defendant Stump to proceed.

## I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in Lenox Township, Macomb County, Michigan. The

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

events about which he complains, however, occurred at the Bellamy Creek Correctional Facility (IBC), in Ionia, Ionia County, Michigan.

Plaintiff sues the following IBC staff: Sergeant Unknown Stump; Corrections Officers Unknown Gillespie, Unknown Jensen, and Unknown Nevinn; Prison Counselor Unknown Houghton; and Quartermaster Unknown Feldporusch. (Compl., ECF No. 1, PageID.1–3.)

Plaintiff alleges that on December 1, 2024, he was extracted from his segregation cell "for having his tablet." (*Id.*, PageID.4.) Plaintiff reports that the "goon squad" team that extracted him was led by Defendant Stump. (*Id.*) Plaintiff notes that the entire time the team was "very unprofessional" and that Defendant Stump was yelling to the "whole rock" and using profanity. (*Id.*) He threatened to "gas all you bitches." (*Id.*) Plaintiff claims that the officers involved used excessive force to accomplish the extraction and that he was beaten, squeezed, and smashed into a restraint chair. (*Id.*) Plaintiff was "hog cuffed, . . . put in a[n] observation cell nude, [and] left for hours on a winter night until shift change." (*Id.*) Plaintiff was apparently eventually dressed in a "bam-bam" suit.[2]

Plaintiff was deprived of his mattress for 72 hours. (*Id.*) Plaintiff does not identify who deprived him of his mattress; but he does note that Defendant Stump did not fill out the form used to document a mattress restriction. (*Id.*) Moreover, Plaintiff states that he did not receive his bed back after 72 hours had passed. (*Id.*) Plaintiff does not mention Defendant Stump again in his complaint.

---

[2] "'[B]am bam' gowns are so named for the Flintstones character 'Bam Bam.' The name refers to the fact that the [prison's] bam bam gowns are flimsy, one-piece gowns that are designed to tear apart upon the exertion of any pressure so that they cannot be used in a suicide attempt." *Cooper v. County of Washtenaw*, 222 F.App'x. 459, 462 n.1 (6th Cir. 2007); *see also Comstock v. McCrary*, 273 F.3d 693, 698–99 (6th Cir. 2001).

Plaintiff next notes that Defendant Gillespie broke Plaintiff's new tablet. (*Id*.) Plaintiff claims that Defendant broke the tablet as "retaliation." (*Id*.) Moreover, defendant Gillespie humiliated, degraded, and harassed Plaintiff by saying "spicy" while doing rounds from December 2 through December 5. (*Id*.) Defendant Gillespie also falsified documents to keep Plaintiff on "loss of privileges," kept Plaintiff in segregation longer, and stopped Plaintiff from communicating with his family. (*Id*.) Finally, Defendant Gillespie denied Plaintiff soap, toothpaste, and toilet paper. (*Id*.) Plaintiff contends that the deprivation was particularly troubling because he "had gas on [himself] for days." (*Id*.) Plaintiff does not mention Defendant Gillespie in the complaint beyond those allegations.

With regard to Defendant Nevinn, Plaintiff states that, on December 7, Nevinn was passing out trays in 1 block segregation. Plaintiff "made a mistake" and dropped his tray off the food slot and on to the floor. (*Id*.) Defendant Nevinn was enraged and started degrading, harassing, yelling, and mocking Plaintiff in an unprofessional and retaliatory way. (*Id*.) Plaintiff does not mention Defendant Nevinn again in the complaint.

Plaintiff next alleges that Defendant Feldporusch denied Plaintiff new shoes in a timely manner after his shoes were taken during the December 1 extraction. (*Id*., PageID.5.) Plaintiff contends that it was barbaric to deny him shoes during the coldest months of the year. (*Id*.) Plaintiff claims that the deprivation was retaliatory and prevented him from making court appearances thereby depriving him of access to the courts. (*Id*.) Plaintiff does not mention Defendant Felporusch again in the complaint.

On December 30, 2024, Plaintiff was being escorted to a doctor appointment by two officers when Defendant Jensen saw Plaintiff. (*Id*.) Defendant Jensen was enraged. (*Id*.) He yelled profanity at Plaintiff and directed him to "take that shit off yo' head." (*Id*.) One of the escorting

5

officers grabbed Plaintiff "causing 2 locks to be pulled in the mix disrespecting [Plaintiff's] religion." (*Id*.) Defendant Jensen assaulted Plaintiff as he was returned to his cell, causing critical pain to Plaintiff's arm. (*Id*.) Plaintiff contends that Defendant Jensen's interference with Plaintiff's doctor appointment constituted deliberate indifference to Plaintiff's health. (*Id*.) Plaintiff states that Defendant Jensen has a personal vendetta against Plaintiff and that Jensen was retaliating against Plaintiff. (*Id*.)

On December 24, 2024, Defendant Houghton failed to pick up kites from Plaintiff and "multiple times" failed to send out Plaintiff's legal mail or ticket appeals. (*Id*.) Plaintiff contends that Defendant Houghton is unprofessional and is acting in retaliation against Plaintiff. (*Id*.) Finally, Plaintiff claims the Defendant Houghton does not know how to work the telecom video for court and has denied Plaintiff his legal writer. (*Id*.)

Plaintiff asks the court to hold Defendant accountable for their action so that justice is served. (*Id.*, PageID.6.)

## II.    Misjoinder

### A.    Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action:

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

Fed. R. Civ. P. 20(a)(2). Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).

6

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (discussing that joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation marks omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations." *Id.* (citation omitted).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions and allow him to avoid having to incur a "strike" for purposes of § 1915(g), should any of his claims be dismissed as frivolous or for failure to state a claim. Courts are therefore obligated to reject misjoined claims like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Here, Defendant Stump is the first Defendant named in Plaintiff's list of Defendants and in the factual allegations. (Compl., ECF No. 1, PageID.2, 4.) Plaintiff's allegations against Defendant Stump relate exclusively to the December 1 cell extraction, the transport to the observation cell, and the initial conditions of confinement in the observation cell. The remainder of Plaintiff's complaint details various interactions with Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch that are unconnected to Plaintiff's extraction from segregation, his transport to the observation cell, or the initial conditions in the observation cell.

It appears that Plaintiff believes that all of the events that followed Plaintiff's interactions with Defendant Stump on December 1 are related to Plaintiff's later interactions with the other Defendants simply because they occurred during his incarceration at IBC and because he subjectively views all of the events as part of a vast retaliatory conspiracy against him. However, Plaintiff's subjective belief and interpretation of events does not transform separate events into events that arise out of the same transaction or occurrence. Under these circumstances, the Court concludes that Plaintiff has improperly joined Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch to this action.

### B.    Remedy

Because Plaintiff has improperly joined Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch to this action, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'" (citation omitted)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

9

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). Here, Plaintiff's complaint involves events that occurred in late 2024 and early 2025. (*See generally* Compl., ECF No. 1.) Plaintiff's complaint provides no indication that the statute of limitations has or will run on Plaintiff's claims against Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch, and Plaintiff has provided no basis for this Court to conclude that he would suffer gratuitous harm if his claims against these Defendants are dismissed without prejudice.

Accordingly, the Court will exercise its discretion under Rule 21 and drop Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch because they are misjoined. The Court will dismiss Plaintiff's claims against these Defendants without prejudice.[3]

---

[3] Plaintiff is advised that any new civil actions in this Court must be filed on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and at the time of filing his complaint, Plaintiff must pay the required filing fees or apply in the manner required by law to proceed *in forma pauperis*. As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

11

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff brings Eighth Amendment excessive force and "conditions of confinement" claims against Defendant Stump. At this stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Based on Plaintiff's factual allegations against Defendant Stump, which are detailed above, the Court will not dismiss Plaintiff's Eighth Amendment claims against Defendant Stump at this time.

## IV. Conclusion

The Court will drop Defendants Gillespie, Jensen, Nevinn, Houghton, and Feldporusch as misjoined pursuant to Rule 21 of the Federal Rules of Civil Procedure. The Court will dismiss Plaintiff's claims against these Defendants without prejudice. Plaintiff's Eighth Amendment claims against Defendant Stump remain in the case.

An order consistent with this opinion will be entered.

Dated:    July 24, 2026                          /s/ *Maarten Vermaat*
                                                 Maarten Vermaat
                                                 United States Magistrate Judge